FILED
JUL 16 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF PERSONNEL MANAGEMENT, *et al.*, <br><br> Defendants. | Case: 1:20−mc−00052 <br> Assigned To : Unassigned <br> Assign. Date : 7/16/2020 <br> Description: Misc. <br><br> Civil Action No. 20-cv- <br><br> Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

The plaintiff in this action, an individual "who underwent a security clearance investigation and desires to review the contents of said investigation and security file," Compl. ¶ 3, has moved to proceed under a pseudonym, Pl.'s Mot. & Incorporated Mem. to Proceed Under Pseudonym ("Pl.'s Mot.") at 1, in his instant action seeking records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a. For the reasons set forth below, the motion is denied.[1]

**I.      BACKGROUND**

In 2013, plaintiff was the subject of a security clearance investigation. Compl. ¶ 5. Although he does not say so explicitly, the results of that investigation were evidently adverse to plaintiff as he now seeks "to correct his security record for career advancement purposes." *Id*. To that end, in December 2018 and again in February 2019, he submitted a FOIA/PA request to the Office of Personnel Management ("OPM") seeking "any and all documentation related to any background and security clearance investigations wherein Plaintiff was the

---

[1] Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint." LCvR 40.7(f).

1

subject." *Id*. ¶ 6. OPM forwarded at least part of his request to the Federal Bureau of Investigation, which maintains some of the records in plaintiff's security file. *Id*. ¶ 7. OPM responded to plaintiff's request on behalf of both itself and the FBI in March 2019, releasing parts of some records and withholding others in part or in full pursuant to various FOIA and PA exemptions. *Id*. ¶ 8.

In May 2019, plaintiff filed an administrative appeal of OPM's response with both OPM and the Department of Justice ("DOJ"), of which the FBI is a component. *Id*. ¶¶ 9, 14. Despite resubmitting his appeal to OPM on two separate occasions over the following year, plaintiff alleges that OPM has yet to respond. *Id*. ¶¶ 11–12. DOJ, however, did respond, and affirmed its initial decision to withhold certain FBI records in part or in full. *Id*. ¶ 15. Plaintiff has now filed a two-count complaint against both OPM and DOJ seeking, *inter alia*, an "order [for] Defendants to produce . . . any and all non-exempt records to Plaintiff's FOIA/PA requests." *Id.* at 5.

## II.    LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal

citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  Accordingly, "parties to a lawsuit must typically openly identify themselves in their pleadings," with "[b]asic fairness dictat[ing] that those among the defendants' accusers who wish to participate . . . as individual party plaintiffs must do so under their real names." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir. 1995) (per curiam) (internal quotation marks and citations omitted).

Nevertheless, courts have, in special circumstances, permitted a party to proceed anonymously.  The D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 96.  When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.*  Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)).  In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases

3

to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III. DISCUSSION

At this early stage of the litigation, the Court is not persuaded that the plaintiff has met his burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.

With respect to plaintiff's privacy interests, he submits little more than a paragraph of argument. He contends that this litigation implicates "extensive information of a personal and sensitive nature, namely information contained in [his] background investigation and security file." Pl.'s Mot. at 2. Revealing his identity, he asserts, "would expose personal and highly confidential information to the public that is likely to damage his professional reputation." *Id*. He frets that this reputational damage might jeopardize his "ability to secure future employment opportunities." *Id*. Plaintiff's concern about reputational and future economic damage is wholly speculative. For one, as plaintiff admits, he "does not know the entirety of the contents of his security file." *Id*. Nor has he explained how a negative security clearance result or the contents of his security file could impact his "future employment opportunities." *Id*. He does not even explain what industry he is in. Someone looking to advance within the FBI and someone looking to advance as a medical doctor would have widely divergent reputational interests in a case like this one. Without something more than plaintiff's speculation, the first factor weighs against allowing plaintiff to proceed pseudonymously. *See John Doe Co. No. 1 v. Consumer Fin. Protection Bureau*, 195 F. Supp. 3d 9, 17 (D.D.C.

4

2016) (explaining that the privacy interests at stake must be "non-speculative"); *see also Doe v. Teti*, Case No. 1:15-mc-01380, 2015 WL 6689862, *4 (D.D.C. Oct. 19, 2015) (denying a motion to proceed under pseudonym in a FOIA case when the plaintiff failed to "demonstrate[] any specific risk of harm to his professional reputation or employment").[2]

Plaintiff, moreover, does not suggest that proceeding under his true name would put him at "risk of retaliatory physical or mental harm." *In re Sealed Case*, 931 F.3d at 97. Nor does the third factor courts must consider, "the ages of the persons whose privacy interests are sought to be protected," *id*., add anything to his case, as plaintiff is an "adult," Compl. ¶ 3

Plaintiff correctly notes that allowing him to proceed under pseudonym will have no impact on any private rights, as the only defendants are government agencies. Pl.'s Mot. at 3. The fourth factor thus does not weigh against allowing him to proceed under pseudonym. Plaintiff is also correct that because defendants are familiar with his identity in connection with his FOIA/PA requests, allowing him to proceed as "John Doe" will not compromise the defendants' ability to defend this action and poses little "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). Nonetheless, plaintiff, in failing to substantiate his asserted privacy interests, has not shown why this case falls in that narrow class of actions for which the "rare dispensation" of pseudonymity is justified. *Doe*, 2015 WL 6689862 at *2 (internal quotation marks and citation omitted).

In sum, weighed the public's substantial "interest in the openness of governmental processes," plaintiff's speculative reputational concerns cannot overcome the "presumption in

---

[2] The Court notes that, to the extent this litigation does require the filing of records that contain sensitive information about plaintiff, he may move to have those records filed under seal. Plaintiff has failed to show why he is entitled to blanket relief for a problem that may be solved with a more targeted approach.

5

favor of disclosure" that stems from this nation's "tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d at 96 (internal quotation marks and citation omitted).

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion to Proceed Under Pseudonym is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed not to file plaintiff's complaint unless plaintiff wishes to proceed with filing the complaint on the public docket under his true name.

**SO ORDERED.**

Date: July 16, 2020

_____
BERYL A. HOWELL
Chief Judge