IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OFFICE OF PERSONNEL MANAGEMENT ) | |
| 1900 E Street, NW ) | |
| Washington, DC 20415, ) | Civil Action No. |
| ) | |
| and ) | |
| ) | |
| DEPARTMENT OF JUSTICE ) | |
| 441 G Street, NW ) | |
| Washington, DC 20530, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**

Plaintiff John Doe (hereinafter "Plaintiff") brings this action against the Office of Personnel Management (hereinafter "OPM" or "Defendant One") and the Department of Justice (hereinafter "DOJ" or "Defendant Two") (collectively "Defendants") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et. seq., and the Privacy Act ("PA"), 5 U.S.C. § 552a, et. seq. As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552a(g), and 28 U.S.C. §1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff is an adult male residing in New York who underwent a security clearance investigation and desires to review the contents of said investigation and security file.

4. Defendants are agencies within the meaning of 5 U.S.C. § 552(f) headquartered in Washington, DC and are in possession and/or control of the records requested by Plaintiff that are the subject of this action.

## STATEMENT OF FACTS

5. In 2013, Plaintiff came under a security clearance investigation. In an effort to correct his security record for career advancement purposes, Plaintiff desires to review the contents of his background investigation and security file.

6. In or around December 2018, and again in January and February 2019, in an effort to review his security file, Plaintiff submitted FOIA/PA requests (hereinafter "FOIA/PA Request") to OPM, requesting any and all documentation related to any background and security clearance investigations wherein Plaintiff was the subject, including investigative material previously provided to Plaintiff in 2014.

7. As Plaintiff's investigative file also contained information belonging to other agencies, including the Federal Bureau of Investigation ("FBI"), a component of DOJ, OPM forwarded a copy of the FOIA/PA Request to the respective agencies in or around January 2019.

8. In OPM's response to Plaintiff dated March 25, 2019, OPM provided Plaintiff with responsive documents that were withheld in part and/or in full in accordance with PA exemption (k)(5) and FOIA exemption (b)(7)(D), including information withheld on behalf of the FBI in accordance with PA exemption (j)(2) and FOIA exemption (b)(7)(E).

DEFENDANT ONE

9. On May 13, 2019, Plaintiff, through prior counsel, submitted a timely appeal to OPM, requesting any and all information previously withheld that does not properly fall under the PA or FOIA exemptions, the appropriate *Vaughn* index of the redacted information, and a detailed explanation of why the claimed exemptions are relevant.

10. Pursuant to 5 U.S.C § 552(a)(6)(A)(ii), OPM was required to make a determination with respect to Plaintiff's FOIA appeal within twenty (20) working days of receipt of the appeal, and to notify Plaintiff immediately of its determination and the reasons therefor.

11. After more than six months, Plaintiff had yet to receive a final decision from OPM pertaining to his FOIA/PA appeal. On December 5, 2019, and again on February 19, 2020, Plaintiff, through current counsel, resubmitted the appeal to ensure receipt. Plaintiff's counsel received certified mail receipts from OPM on December 17, 2019 and March 4, 2020, respectively.

12. As of the date of this complaint, OPM has failed to: (i) make any determination pertaining to Plaintiff's FOIA/PA appeal; (ii) notify Plaintiff of such determination and the reasons therefor; or (iii) advise Plaintiff of the right to seek judicial review should the adverse determination be upheld.

13. Because OPM has failed to comply with Plaintiff's request pursuant to 5 U.S.C. §§ 552(a)(6)(C) and 552a(g), Plaintiff is deemed to have exhausted any and all administrative remedies and now seeks judicial review of the unlawfully withheld documents.

DEFENDANT TWO

14. On May 13, 2019, Plaintiff, through prior counsel, submitted a timely FOIA/PA appeal to DOJ, requesting any and all information previously withheld that does not properly fall

under the PA and FOIA exemptions, the appropriate *Vaughn* index of the redacted information, and a detailed explanation of why the claimed exemptions are relevant. [1]

15.     In correspondence to Plaintiff dated September 27, 2019, DOJ affirmed the withholding of information concerning Plaintiff's background investigation pursuant to PA (j)(2), records maintained by a law enforcement agency that may contain FBI information, and FOIA (b)(7)(E), records compiled for law enforcement purposes, the release of which may disclose FBI techniques and procedures for investigations or prosecutions.

16.     Plaintiff has exhausted all administrative remedies. Pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552a(g), Plaintiff now seeks judicial review of DOJ's unlawful withholding of the requested documents.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Unlawful Withholding of Non-Exempt Documents

17.     Plaintiff incorporates paragraphs 5 – 16 as if fully stated herein.

18.     Defendants are unlawfully withholding records as requested by Plaintiff in violation of 5 U.S.C. § 552(a)(3) by, *inter alia*, seeking to withhold information without adequately describing the documents withheld and without establishing a factual or legal basis for the application of these exemptions to the responsive agency documents.

19.     Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of records responsive to Plaintiff's FOIA Request, records which would provide Plaintiff critical information pertaining to his security file; Plaintiff will continue to be

---

[1] The appeal was limited to certain withholdings made by OPM, acting on behalf of the FBI. DOJ Office of Information Policy (OIP) adjudicates appeals from adverse determinations made by components of the DOJ on FOIA and PA requests and has no jurisdiction over records maintained by OPM. Plaintiff filed a separate appeal to the FOIA office of OPM.

irreparably harmed in his career unless Defendants are compelled to conform their conduct to the requirements of the law.

## COUNT II
### Violation of PA, 5 U.S.C. § 552a
### Unlawful Withholding of Non-Exempt Documents

20. Plaintiff incorporates paragraphs 5 – 16 as if fully stated herein.

21. Plaintiff submitted a proper request for his records under 5 U.S.C. § 552a(d)(1).

22. Defendants have intentionally and willfully failed to comply with the requirement to produce the requested records through their withholding of documents under 5 U.S.C. §§ 552a(j)(2) and (k)(5).

23. Plaintiff is being irreparably harmed by reason of Defendants' unlawful withholding of records, which would provide Plaintiff critical information pertaining to his security file; Plaintiff will continue to be irreparably harmed in his career unless Defendants are compelled to conform their conduct to the requirements of the law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to conduct a search for any and all responsive records to Plaintiff's FOIA/PA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA/PA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA/PA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 15, 2020

                         Respectfully submitted,

                         Eric S. Montalvo, DC Bar No. 993206
                         FEDERAL PRACTICE GROUP
                         1750 K Street N.W., Suite 900
                         Washington, D.C. 20006
                         Telephone: 202-862-4360
                         emontalvo@fedpractice.com

                         *Counsel for Plaintiff*